IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARNITA AVERY-KELLY, | * | |
| | * | CRIMINAL ACTION NO. |
| Movant, | * | 1:16-CR-0442-ELR |
| | * | |
| v. | * | |
| | * | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | * | 1:23-CV-2015-ELR |
| | * | |
| Respondent. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court is the Magistrate Judge's Final Report and Recommendation (R&R), [Doc. 288], recommending that Movant Arnita Avery-Kelly's motion to vacate brought pursuant to 28 U.S.C. § 2255, [Doc. 272], be denied. Movant, through counsel, has filed her objections in response to the R&R. [Doc. 292].

**I. Legal Standard and Background**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must

specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

Briefly, Movant, a licensed doctor of podiatric medicine, was tried in this Court for operating a "pill mill" where she improperly prescribed opioid pain medication in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 865(a)(1). On May 15, 2019, the jury found her guilty of Counts Twenty-Four through Thirty-Two and Forty-Four through Sixty-One of the superseding indictment, [Doc. 164], and a mistrial was declared regarding the remaining Counts, [Doc. 163]. The Eleventh Circuit affirmed Movant's convictions. United States v. Avery-Kelly, 842 F. App'x 520 (11th Cir. 2021).

In her § 2255 motion, Movant raises one issue. Her trial occurred before the Supreme Court issued its opinion in Ruan v. United States, 597 U.S. 450 (2022). Under 21 U.S.C. §841, it is unlawful "'[e]xcept as authorized[,] . . . for any person knowingly or intentionally . . . to manufacture, distribute, or dispense . . . a controlled substance.'" Ruan, 597 U.S. at 457 (quoting 21 U.S.C. §841(a)) (alterations and emphasis in original). A doctor violates §841 if she writes a prescription for a controlled substance without a "legitimate medical purpose" and "outside the usual course of [her] professional practice." Id. at 454 (quoting 21 C.F.R. §1306.04(a) (2021)) (internal quotation marks omitted). Prior to Ruan, and at the time of

2

Movant's trial and appeal, Eleventh Circuit precedent did not require the Government to show that a physician subjectively knew she was acting not for a medical purpose and subjectively knew that the controlled substances were not dispensed in the usual course of professional practice. United States v. Duldulao, 87 F.4th 1239, 1251 (11th Cir. 2023). In Ruan, the Supreme Court specifically rejected the Eleventh Circuit's determination that, unlike the "legitimate medical purpose" subjective inquiry, the "usual course of professional practice" was evaluated objectively. Ruan, 597 U.S. at 461, 465. In other words, Ruan changed the requirements of proof in a § 841 conviction in the Eleventh Circuit such that the Government must now prove that the defendant subjectively knew she was acting not for a medical purpose and subjectively knew that the controlled substances were not dispensed in the usual course of professional practice. United States v. Ruan, 56 F.4th 1291, 1296 (11th Cir. 2023). Movant was convicted under the old rule and the Court's jury instructions reflected that fact.

However, the Magistrate Judge determined that Movant's claim is procedurally defaulted because Movant did not preserve the issue at trial and did not raise it in her appeal. In response to Movant's contention that she can demonstrate cause and prejudice to lift the procedural bar based on her trial and appellate counsel's failure to raise the issue, the Magistrate Judge noted that

> Movant is caught between an impossible vice that underlies many instances of procedural default. The argument she makes now was

3

> theoretically available and could have been asserted at trial and appeal. However, it would have been pointless to do so under then-current Circuit precedent, and therefore counsel cannot be said to have been ineffective for foregoing the argument. In other words, because counsel could have but did not make this almost-certainly losing argument, Movant now is stuck without recourse with a conviction based on undisputedly erroneous instructions.

[Doc. 288 at 17].

After properly identifying the standard for evaluating claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), the Magistrate Judge determined that, because binding Eleventh Circuit precedent at the time of Movant's trial and appeal foreclosed any argument that the standard adopted by the Supreme Court in Ruan should have applied at her trial, the claim lacked merit and trail/appellate counsel could not be deemed ineffective for failing to raise it. [Doc. 288 at 22]. Moreover, the Magistrate Judge noted that "it is well-settled in the Eleventh Circuit that an attorney's failure to anticipate a change in the law also does not constitute ineffective assistance." Id. (citing United States v. Finley, 805 F. App'x 823, 827 (11th Cir. 2020) ("This Court's precedent clearly forecloses an ineffective-assistance-of-counsel claim based on failure to raise an objection that would not succeed under current law, but which could succeed depending on a forthcoming Supreme Court Case decision.")). The Magistrate Judge thus determined that Movant cannot demonstrate cause to overcome the default of her claim and recommends that her § 2255 motion be denied.

## II. Discussion

In her objections, Movant contends that the Magistrate Judge erred. At the time of Movant's trial, the Eleventh Circuit's position on scienter under § 841 was clearly in the minority as seven other circuit courts of appeal had held that the standard announced by the Supreme Court in Ruan applied. Movant thus contends that "[a]ny reasonable lawyer would have requested the charge and pursued the issue on appeal." [Doc. 292 at 7].

This Court shares the Magistrate Judge's implied opinion of the absurdity of Movant's situation. As Movant noted, even the Government concedes that, under Ruan, this Court incorrectly instructed the jury. However, because she did not raise the claim earlier, it is defaulted, and Eleventh Circuit law squarely precludes a finding that trial/appellate counsel was ineffective for failing to raise a claim that was, at the time, foreclosed by circuit precedent. Movant attempts to distinguish some of the cases relied upon by the Magistrate Judge by pointing out that the issue in those cases was not in direct opposition to the majority of federal appellate courts. However, Movant does not mention the other cases that the Magistrate Judge relied on. E.g., Jones v. United States, 224 F.3d 1251, 1257-58 (11th Cir. 2000) ("Since the district court would be required to follow the law of this circuit until it was overruled by the Supreme Court or an en banc panel of this court, it was not completely unreasonable for counsel to make a strategic decision to forego a claim

that was a loser under the then-current state of the law."); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"). In any event, the Eleventh Circuit has held in at least two cases that a counsel's failure to anticipate the Supreme Court's holding in Ruan or to raise a Ruan-type claim prior to the Supreme Court's opinion does not amount to ineffective assistance. Ignasiak v. United States, No. 24-10712, 2024 WL 4678061, at *3 (11th Cir. Aug. 2, 2024); Heromin v. United States, No. 8:11-CR-550-VMC-SPF, 2024 WL 3090657, at *2 (M.D. Fla. June 20, 2024). Put simply, it appears that the Eleventh Circuit does not recognize the distinction that Movant raises, and Movant has thus failed to demonstrate cause to overcome the procedural default of her claim.

**III. Conclusion**

For the reasons discussed, this Court concludes that the Magistrate Judge is correct that Movant has not shown that she is entitled to § 2255 relief. Accordingly, **IT IS HEREBY ORDERED** that the R&R, [Doc. 288], is **ADOPTED** as the order of the Court, and Movant's § 2255 motion, [Doc. 276], is **DENIED**. This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of

Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). See Ignasiak, 2024 WL 4678061, at *3.

The Clerk is **DIRECTED** to **CLOSE** Civil Action Number 1:23-CV-2015-ELR.

**SO ORDERED**, this 26th day of November, 2024.

                *Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia